IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



REBECCA L. HALZACK WATKINS,

    Plaintiff,

v.    Action No. 2:09CV472

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

    Defendant.

## MEMORANDUM OPINION

Rebecca Halzack Watkins ("Plaintiff") seeks an injunction, accounting, and declaratory judgment against Educational Credit Management Corp. ("Defendant") based on alleged violations of 20 U.S.C. § 1095a and of her right to constitutional due process. This matter is before the Court on Defendant's Motion to Dismiss. (Docket No. 16.) The motion has been fully briefed, and the Court, finding oral argument to be unnecessary, now **GRANTS** Defendant's Motion to Dismiss.

### I. Background

#### A. The Higher Education Act

In order to promote access to higher education, the Higher Education Act of 1965, 20 U.S.C. §§ 1001 et seq. ("HEA"), tasks the Secretary of Education with administering various federal student loan programs. As part of these programs, private lenders make federal education loans to students that are guaranteed by public

and private non-profit guaranty agencies and reinsured by the federal government. See College Loan Corp. v. SLM Corp., 396 F.3d 588, 590 (4th Cir. 2005). When such a federal education loan goes into default, the guaranty agency reimburses the lender for its loss and commences collection efforts against the borrower, including garnishment of the borrower's wages. Prior to garnishing wages on one of these defaulted loans, the loan guarantor must provide notice to the borrower. 20 U.S.C. § 1095a(a)(2). Additionally, the borrower is entitled to a hearing conducted by an individual not controlled by the guaranty agency. 20 U.S.C. § 1095a(a)(5),(b).

### B. Factual History[1]

Plaintiff enrolled at Cooper Career Institute, an education institution then located in Virginia Beach, Virginia, on August 13, 2002. To obtain funding for her living expenses while attending school, Plaintiff signed a $2,000 Federal Stafford Loan Master Promissory Note. Defendant was the designated guarantor of the loan.

Plaintiff graduated from Cooper Career Institute in September of 2003. When her first loan payment became due in March of 2004,

---

[1] The facts recited here are drawn from the allegations set forth in the Complaint and are assumed for the purpose of deciding the motion currently before the Court. However, the facts recited here are not factual findings for any purpose other than consideration of the instant motion.

Plaintiff was informed that the amount she owed was $8,000, not $2,000 as she had believed. Plaintiff attempted to obtain from Cooper Career Institute her financial aid records for evidence that she had only received $2,000 in loan disbursements. But Cooper Career Institute was no longer in operation, and its administrators had forwarded Plaintiff's financial aid records to the State Council of Higher Education for safekeeping. Unfortunately, the State Council of Higher Education informed Plaintiff that her financial aid records are missing.

On November 13, 2008, Defendant mailed to Plaintiff a Notice Prior to Wage Withholding, which warned that Defendant intended to garnish Plaintiff's wages because Plaintiff was in default on the loan. However, because Defendant sent the Notice to an address at which Plaintiff had not lived since 1996, Plaintiff did not receive the Notice.

On January 27, 2009, Plaintiff's employer informed Plaintiff that her wages were subject to garnishment and accordingly began to withhold from her paychecks 15% of her net salary. In response, Plaintiff sent a Request for Hearing or Exemption to Defendant on March 6, 2009, in which she requested a telephone hearing concerning the garnishment. The Request for Hearing or Exemption form listed categories for garnishment objections, and Plaintiff selected two: that the amount of the garnishment resulted in an extreme financial hardship, and that she believed that the amount

3

of the loan was unenforceable. In an accompanying statement, she explained that she had authorized a loan in the amount of $2,000, not the $8,000 claimed by Defendant.

On April 16, 2009, the United States Department of Education issued a decision in response to Plaintiff's petition. With regard to her claim that the garnishment resulted in an extreme financial hardship, the Department of Education responded that because she had not completed a Statement of Financial Status, as had been requested, an oral hearing was denied. As to Plaintiff's contention that she had only authorized a $2,000 loan, the Department of Education responded that she had not properly documented payments that Plaintiff made to Defendant. Finally, the Department of Education concluded that because Plaintiff's Request for Hearing was untimely, it would instruct Defendant to continue garnishment of her wages.[2]

### C. Procedural History

On September 24, 2009, Plaintiff filed in this Court a Complaint against Defendant alleging that the process described above violated the HEA and violated Plaintiff's property rights without due process of law, in violation of the Fifth Amendment of the United States Constitution. Plaintiff seeks an injunction

---

[2]Because the Complaint does not seek review of the Department of Educations's administrative ruling, the Court makes no judgment as to the justifications for or clarity of the Department of Educations's stated reasons for its ruling.

4

suspending the wage withholding order, an accounting to determine the correct loan balance, and a declaratory judgment that Plaintiff is entitled to a hearing before wages are withheld from her salary. Defendant has responded with a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), claiming that the Court does not have subject matter jurisdiction over the Complaint.

### III. Standard of Review

A party may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). If such a motion is filed, the party asserting jurisdiction "has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a motion to dismiss pursuant to Rule 12(b)(1), a court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal citation omitted). When "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law," the moving party's motion to dismiss should be granted. Id. (internal citation omitted). If, as here, the defendant makes a facial challenge to the claim's attempted invocation of subject matter jurisdiction, the "facts alleged in the complaint are taken as true." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

## IV. Discussion

Plaintiff claims two bases for subject matter jurisdiction: 20 U.S.C. § 1095a (the HEA) and the Fifth Amendment to the United States Constitution. (Compl. ¶ 3, Docket No. 1.) As discussed below, neither jurisdictional basis is supported by the facts alleged in the Complaint.

### A. HEA Claim

Plaintiff asserts that Defendant violated the provisions of the HEA. (Compl. ¶ 32.) However, the HEA does not grant Plaintiff a right of action to bring such claim. The HEA's comprehensive remedial scheme makes the Secretary of Education responsible for enforcing compliance with the HEA and does not create a private right of action to sue any party other than the Secretary of Education. See 20 U.S.C. § 1082(a)(2)(expressly conferring private right of action to sue Secretary of Education). Indeed, "nearly every court to consider the issue . . . has determined that there is no express or implied private right of action to enforce any of the HEA's provisions," other than against the Secretary of Education. McCullough v. PNC Bank, Inc., 298 F.3d 1217, 1221 (11th Cir. 2002)(holding that the HEA does not grant private right of action to sue parties other than the Secretary of Education); College Loan Corp., 396 F.3d at 598 (accord).

To the extent that Plaintiff contests the Department of Education's actions in this matter, she may bring a complaint

6

against the Secretary of Education pursuant to 20 U.S.C. § 1082(a)(2) or may seek review of its administrative ruling pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(2). However, the HEA does not support the invocation of the Court's jurisdiction over Plaintiff's HEA claim against Defendant, and therefore the HEA claim is **DISMISSED WITHOUT PREJUDICE**.

### B. Due Process Claim

Plaintiff next asserts that "this process" has deprived Plaintiff of her property without due process of law, in violation of the Fifth Amendment. (Compl. ¶ 31, 33) However, Plaintiff's claim fails to properly state the basis for federal jurisdiction.

A complaint must allege facts sufficient to show that the federal court has jurisdiction over the claim. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). As standing to bring a claim is necessary to federal jurisdiction, the plaintiff has the burden to assert in her complaint "general factual allegations" supporting each element of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). These elements are: 1) that the plaintiff has suffered an "injury in fact;" 2) that the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court;" and 3) that there is a likelihood that the injury will be "redressed by a favorable decision." Id. (quoting Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 41-42 (1976)).

Here, Plaintiff has not stated facts to support the second element of standing, i.e. that the injury is fairly traceable to Defendant's conduct. Instead, after a recitation of actions performed by Defendant <u>and</u> by the Department of Education, the Complaint claims that "this process" has violated due process. Such a vague assertion does nothing to describe how the alleged injury is traceable to Defendant's challenged conduct. In fact, Plaintiff has not even specified what conduct she is challenging. In order to assert a due process claim against Defendant, Plaintiff must identify a specific action performed by Defendant that allegedly violates her right to due process. See e.g. <u>Nelson v. Diversified Collection Servs.</u>, 961 F. Supp. 863 (D. Md. 1997) (considering plaintiff's claim that federal student loan guarantor violated due process by not providing proper notice before garnishing plaintiff's wages). Therefore, Plaintiff's due process claim is **DISMISSED WITHOUT PREJUDICE**.

In conclusion, the Complaint (Docket No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts sufficient to show subject matter jurisdiction.

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 17 , 2010